IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD ABDUL-AZIZ, § § Plaintiff, § § v. § § JP MORGAN & CHASE CO., § § Defendant. § | Civil Action No. 3:10-CV-2430-K |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant's Motion to Dismiss for Failure to State a Claim or Alternatively, Motion for More Definite Statement*, filed December 2, 2010 (doc. 4). Based on the relevant filings and applicable law, the motion to dismiss should be **DENIED**, and the motion for a more definite statement should be **GRANTED**.

### I. BACKGROUND

On November 10, 2010, Plaintiff filed an "original petition" and "application for permanent injunction and forensic accounting" in the 68th Judicial District Court of Dallas County, Texas, against JPMorgan Chase Bank, N.A. ("Defendant").[1] (doc. 1-3.) His original petition and application, supported by an affidavit, state in relevant part:

> Applicant is under a hardship due to the economy and request for a forensic accounting on the above reference property due to fact surrounding issues concerning unlawful foreclosures within this State and United States of America. Applicant is in the process of property been wrongfully and unlawfully foreclosed.

---

[1] Plaintiff incorrectly identified Defendant as "JP Morgan & Chase Co., Its Offices, Agents, Assignees, Associate"in the style of his original petition. (doc. 1, p. 1.)

(doc 1-3, pp. 3, 7-8.) (not revised for errors).[2]  On November 30, 2010, Defendant removed the case to the federal district court for the Northern District of Texas, Dallas Division, on the basis of diversity jurisdiction. (doc. 1.)  On December 2, 2010, it moved to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Plaintiff did not file a response.

## II.  12(b)(6) MOTION TO DISMISS

Defendant argues that Plaintiff has not asserted any specific factual allegations or causes of action in his complaint, and that to the extent his complaint is asserting a wrongful foreclosure claim, there are no factual allegations to support its requisite elements.  (Mot. Br. at 3-4.)

### A.  12(b)(6) Standard

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[3]  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Although "de-

---

[2] Plaintiff otherwise makes only general assertions that contain no specific factual allegations nor causes of action.

[3] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

tailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B. Wrongful Foreclosure**

Although Defendant moves to dismiss any wrongful foreclosure claim construable from Plaintiff's complaint for failure to state a claim, it is unclear whether he is actually asserting this claim. His complaint does not assert any specific factual allegations or specific causes of action. (doc. 1-3.) It requests a permanent injunction and forensic accounting, expresses Plaintiff's concern about unlawful foreclosures, and states that he is "in the process of property been wrongfully and unlawfully foreclosed." (*Id.*) While his complaint could be liberally construed to assert a wrongful foreclosure claim, it appears more likely that he is requesting an injunction to prevent a foreclosure

3

since he alleges that he is "in the process" of foreclosure. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (*pro se* pleadings must be liberally construed). In any case, his pleadings are unclear as to the specific cause of action he is asserting, and there are no factual allegations from which the causes of action can be determined. The Court should therefore deny Defendant's motion to dismiss and proceed to its alternative motion for a more definite statement.

### III. 12(e) MOTION FOR A MORE DEFINITE STATEMENT

Defendant moves for a more definite statement on grounds that Plaintiff has failed to make any factual allegations or plead a cause of action against it. (Mot. Br. at 4-5.)

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Whether to grant a motion for more definite statement is within the Court's sound discretion. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Travelers Indem. Co. of Conn. v. Presbyterian Healthcare Res.*, 313 F. Supp. 2d 648, 653-54 (N.D. Tex. 2004). In general, such motions are "disfavored" and only used to remedy "an unintelligible pleading" rather than to provide additional detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001) (quoting *Frazier v. Se. Pa. Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)). The party seeking a more definite statement has the burden to show a need for one. *See El Chico Restaurants of Tex., Inc. v. Carroll*, No. 3:09-CV-2294-L, 2010 WL 2697293, at *4-5 (N.D. Tex. July 8, 2010); *Austin v. Hood Cnty.*, No. 3:06-CV-1997-D, 2007 WL 631278, at *4 (N.D. Tex. Mar. 1, 2007).

As noted, Plaintiff's complaint fails to make any factual allegations against Defendant and is unclear on the causes of action it seeks to plead against Defendant. Under these circumstances, Defendant cannot reasonably be required to frame a responsive pleading to the complaint.

4

Defendant's motion for a more definite statement should therefore be **GRANTED**, and Plaintiff should be ordered to file an amended complaint with sufficient facts to raise the right of relief above the speculative level within fourteen days from the date of the order accepting these findings and recommendation.

## VI. CONCLUSION

Defendant's motion to dismiss should be **DENIED**, and its alternative motion for a more definite statement should be **GRANTED**. Plaintiff should be ordered to file an amended complaint with sufficient facts to raise his right of relief above the speculative level within fourteen days from the order accepting these findings and recommendation.

**SO RECOMMENDED on this 2nd day of March, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE